UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSENDANT CO., | Case No.:  21-CV-142 TWR (WVG) |
| Plaintiff, | |
| v. | **ORDER (1) DISMISSING WITHOUT PREJUDICE ACTION FOR FAILURE TO ESTABLISH GOOD CAUSE, AND (2) DENYING AS MOOT MOTIONS FOR SERVICE BY PUBLICATION** |
| AJIT CHUTKE; et al., | |
| Defendants. | |
| | (ECF Nos. 10, 11) |

Presently before the Court are Plaintiff Essendant Co.'s ("Essendant") Motions for Publication by Service (the "Motions") against Defendants Ajit Chutke (ECF No. 10) and Dipti Chutke (ECF No. 11), filed in response to the Court's January 20, 2022 Order to Show Cause (ECF No. 9 ("2d OSC")).  Because Plaintiff's Complaint is unserved, the Motions are unopposed.  The Court determines that these matters are appropriate for determination on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully reviewed Plaintiff's submissions and the relevant law, the Court **DISMISSES WITHOUT PREJUDICE** this action because Plaintiff failed to adequately respond to the Court's Second Order to Show Cause by not establishing good cause to extend the ninety-day service deadline.  Accordingly, the Court **DENIES AS MOOT** Plaintiff's substantively unmeritorious Motions.

1

**BACKGROUND**

2

3    Plaintiff states that it contracted with Defendants on July 1, 2019, to guarantee

4    "goods sold and delivered" to non-party, Storage Media Inc. ("SMG").  (ECF No. 1 at 4.)

5    Plaintiff contends that after delivery of the goods, Plaintiff only received partial payment

6    as SMG subsequently filed for bankruptcy.  (*Id.*)  Plaintiff asserts that Defendants have

     failed and refused to pay the remaining balance of $638,427.25.  (*Id.* at 5.)

7    On January 26, 2021, Plaintiff filed a Complaint against Defendants for breach of

8    contract.  (*Id.* at 1.)  The next day, Plaintiff attempted personal service at Defendants'

9    alleged address: 7697 Sitio Algodon, Carlsbad, California 92009 ("Sitio Algodon").[1]  (ECF

10   No. 10, Ex. B; ECF No. 11, Ex. A.)  Through two different search methods conducted

11   between December 2020, and April 2021, Plaintiff discovered at least forty other addresses

12   associated with Defendants, including fourteen properties allegedly owned by them and

13   ten addresses listed in Texas, New Jersey, and New York.  (ECF No. 10, Bemis Decl. ¶¶ 7,

14   8, Exs. A, D, E, F; ECF No. 11, Bemis Decl. ¶¶ 6, 7, Exs. C, D.)  Through its searches,

15   Plaintiff also uncovered at least twelve phone numbers, eight email addresses, ten relatives,

16   and sixty-two associates of Defendants. (*Id.*)

17   On March 25, and May 5, 2021, Plaintiff submitted verification requests for Sitio

18   Algodon to the United States Postal Service ("USPS").  (ECF No. 10, Bemis Decl. ¶¶ 6,

19   12.)  On May 12, 2021, the USPS responded to a request for Defendant Ajit Chutke's Sitio

20   Algodon address verification, marking "Mail delivered as addressed."[2]  (ECF No. 10, Ex.

21   / / /

22   / / /

23   / / /

24

25   [1] Plaintiff's "Declaration of Due Diligence" reports that a process server attempted personal service at this

26   location again on January 28, January 30, February 3, and February 6, 2021.  (ECF No. 10, Ex. B; ECF No. 11, Ex. A.)

27

28   [2] Plaintiff does not provide postmaster verification for Sitio Algodon regarding Defendant Dipti Chutke. (*See* ECF No. 11, Exs. B, F.)

2

J.)  Plaintiff also attempted postmaster verification of two other local addresses associated with Defendants.[3]  (ECF No. 10, Exs. G, H, K; ECF No. 11, Exs. E, G.)

Plaintiff last attempted service of both Defendants on February 6, 2021.  (ECF No. 10, Ex. B; ECF No. 11, Ex. A.)  On September 24, 2021, the Court issued an order to show cause ("OSC") why this action should not be dismissed for failure to effect service and for want of prosecution.  (*See* ECF No. 4 ("1st OSC").)  Plaintiff failed to respond to the First OSC.  (S*ee generally* Docket.)  Consequently, on November 12, 2021, the Court dismissed the case without prejudice due to Plaintiff's failure to respond.  (*See* ECF No. 5.)  On January 16, 2022, Plaintiff requested that the Court set aside the dismissal pursuant to Federal Rule of Civil Procedure 60(b).  (*See* ECF No. 6.)  The Court gave Plaintiff a second chance, vacating the dismissal and issuing the Second OSC.  (*See* ECF No. 9.)  On January 26, 2022, in response to the Second OSC, Plaintiff filed the instant Motions, each accompanied by a declaration from their counsel, Gary A. Bemis.  (ECF Nos. 10, 11.)

**LEGAL STANDARDS**

**I.    Federal Rule of Civil Procedure 4(m)**

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within" ninety days of filing the complaint.  *See* Fed. R. Civ. P. 4(c)(1), 4(m).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  *See* Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the

---

[3] Plaintiff's search reports associate both Defendants with two additional addresses: 16612 Cimarron Crest Drive, San Diego, CA 92127 ("Cimarron Crest Drive") and 1874 Black Mustard Lane, Carlsbad, CA 92011 ("Black Mustard Lane").  (ECF No. 10, Exs. A, D, E, F; ECF No. 11, Exs. C, D.)  While Plaintiff provides the Postmaster's response regarding Cimarron Crest Drive for Defendant Ajit Chutke, this document is missing the Post Office's stamp.  (ECF No. 10, Ex. H.)  Further, though Plaintiff also associates Cimarron Crest Drive with Defendant Dipti Chutke, Plaintiff does not document any effort to verify this address for Defendant Dipti Chutke.  (ECF No. 11.)  Plaintiff does, however, provide stamped documentation for both Defendants regarding Black Mustard Lane.  (ECF No. 10, Ex. K; ECF No. 11, Ex. G.)

failure, the court must extend the time for service for an appropriate period." *Id.*  Even in the absence of good cause, however, the court retains limited discretion to extend the time. *See* Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).   In exercising its discretion, the court may consider factors "'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  *See Efaw*, 473 F.3d at 1040 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II.   Service by Publication

Service by publication is appropriate only when the court receives an affidavit that supports a finding that "the party to be served cannot with reasonable diligence be served in another manner specified" and that either a cause of action exists against the party to be served or the party to be served claims an interest in real property.  *See* Cal. Civ. Proc. Code § 415.50; *see also* Fed R. Civ. P. 4(e) (allowing service in accordance with state law). Because personal service of written notice remains the favored form of process, *see Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018), fair play and due process ensure that the "fictional notice" provided by service by publication is substituted only as a "last resort." *See Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (citing *Calvert*, 29 Cal. App. 5th at 963).

## ANALYSIS

Before reaching the merits of the Motions, the Court must address the adequacy of Plaintiff's response to its Second Order to Show Cause.  (*See* 2d OSC at 2 ("*If Plaintiff fails to adequately respond to this Order within the time provided, the Court will enter a final order of dismissal without prejudice . . . .*") (emphasis in original).)  The Court has twice warned Plaintiff that it has failed to effect service pursuant to Rule 4(m), (*see generally* 1st OSC; 2d OSC), which requires the Court to dismiss an action when the complaint is not served within ninety days of the filing of the complaint.  *See* Fed. R. Civ. P. 4(m).  While district courts have broad discretion to extend time for service under Rule 4(m), *see Efaw*, 473 F.3d at 1041, Plaintiff has failed to request an extension of time to

effect service of process or to show good cause for its failure timely to effect service.  (*See generally* Docket.)  In any event, Plaintiff has taken no steps to effect service on Defendants since February 6, 2021, well over a year ago.  Thus, the Court **DISMISSES WITHOUT PREJUDICE** this action pursuant to Rule 4(m) and Civil Local Rules 4.1(b) and 83.1(a) and **DENIES AS MOOT** the Motions.

Even if the Court were not inclined to dismiss this action and were to reach the Motions on the merits, however, the Motions are inadequate as a matter of law because they and their supporting declarations fail to:  (1) show reasonable diligence in attempted service; or (2) include independent evidentiary support to establish a cause of action.

## I.  Reasonable Diligence

California law requires Plaintiff to establish reasonable diligence before the Court may grant service by publication.  *See* Cal. Civ. Proc. Code § 415.50.  "Mere gesture" signifying process does not meet the constitutional or the state's statutory requirement.  *See Colonize Media, Inc. v. Palmer*, No. 120CV01053DADSAB, 2021 WL 1839697, at *4 (E.D. Cal. May 7, 2021).  Reasonably diligent efforts require "a thorough, systematic investigation and inquiry conducted in good faith."  *See Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 4060219, at *1 (N.D. Cal. Aug. 14, 2014).  Plaintiff must show "exhaustive attempts to locate the defendant" before resorting to publication, including "a number of honest attempts" through inquiry of "relatives, friends, and acquaintances . . . employer[s], and by investigation of . . . directories, the voters' register, and the real and personal property index in the assessor's office," rather than "one or a few reasonable steps."  *See id.* (internal citations omitted); *see also Butler v. McKey*, 138 F.2d 373, 376 (9th Cir. 1943) (accepting plaintiffs' search as diligent when they "made inquiries of each and every person whom they could expect, or had any reason to believe they would receive, information as to the whereabouts of said defendant").  After attempting personal service, reasonable diligence, at minimum, requires an attempt via another method of service.  *See Indian Hills*, 337 F.R.D. at 301 (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 334 (1978)).

1    Here, Plaintiff has taken "a few reasonable steps" to locate Defendants but still falls

2    short of the "exhaustive attempts" required to obtain service by publication.  *See Castillo-*

3    *Antonio*, 2014 WL 4060219, at *1; *see also Butler*, 138 F.2d 373 at 376.  To date, Plaintiff's

4    efforts to locate Defendants have included two types of background reports, attempted

5    postmaster verification of three addresses, and five attempts of personal service at Sitio

6    Algodon.  (ECF Nos. 10, 11.)  While the reports demonstrate an effort to identify

7    Defendants' locations, Plaintiff does not demonstrate any inquiry into the credibility of the

8    information.  (*Id.*)  Mr. Bemis's declaration does not include any record of efforts to effect

9    service at any of the remaining forty addresses found, to contact Defendants via the eight

10   email addresses or twelve phone numbers uncovered, or to contact the sixty-two associated

11   persons located regarding Defendants' whereabouts.  (*Id.*)  Indeed, of the forty addresses

12   included, Plaintiff successfully has ruled out only one —Black Mustard Lane—as to both

13   Defendants.  (ECF No. 10, Ex. K; ECF No. 11, Ex. G.)  Plaintiff also has failed to submit

14   documentation regarding Cimarron Crest Drive for Defendant Ajit or a complete

15   postmaster verification letter for Defendant Dipti.  (ECF No. 10, Ex. H, ECF No. 11.)

16   Plaintiff's efforts so far amount to a "mere gesture" of process rather than the

17   requisite reasonable diligence.  *See Colonize Media*, 2021 WL 1839697, at *4.  While

18   Plaintiff successfully verified one address—Sitio Algodon—with the postmaster, it did so

19   only for Defendant Ajit.  (ECF No. 10, Exs. I, J; ECF No. 11, Exs. B, F.)  And though

20   Plaintiff attempted personal service at Sitio Algodon five times, there is no indication that

21   Plaintiff made efforts to communicate with neighbors or to employ any alternate means of

22   service.  (*See* ECF Nos. 10, 11); *see also Butler*, 138 F.2d 373 at 376; *Indian Hills*, 337

23   F.R.D. at 301.  And even if those five occasions did in fact constitute "a number of honest

24   attempts," they occurred nearly a year before Plaintiff filed the instant Motions without

25   any further intervening attempts to effect service.  (ECF Nos. 1, 10, 11); *see Castillo-*

26   *Antonio*, 2014 WL 4060219, at *1.  Plaintiff's lack of persistence reinforces the inadequacy

27   of its efforts to effect service.

28   / / /

21-CV-142 TWR (WVG)

## II.     Cause of Action

Personal service is the preferred method and, consequently, when substituted, "strict compliance with the letter and spirit of the statutes is required."  *See Indian Hills*, 337 F.R.D. at 299.   This "strict compliance" requires the movant to provide an affidavit utilizing "independent evidentiary support" to establish a "cause of action against each defendant whom service by publication is requested."  *See id.* at 302.   Absent a cause of action, courts do not have jurisdiction to order service by publication.  *See id.* (citing *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977)).   Whether an affidavit sufficiently states a cause of action is based on a determination that the evidence tends to "establish every material jurisdictional fact."  *See id.* at 302, 305 (internal citation omitted).   An affidavit that contains "mere conclusions" lacks sufficiency.  *See, e.g.*, *Indian Hills*, 337 F.R.D. at 304–05 (internal citation omitted); *see also Rose v. Seamless Fin. Corp.*, No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013) (finding declarations that "simply reiterate[] the attempts at service" to be "devoid of any facts from which the trial court could draw the conclusion that a cause of action existed") (citing *Harris*, 68 Cal. App. 3d at 726).

Here, Plaintiff's Complaint and Plaintiff's counsel's declarations do not meet the threshold for strict compliance.   The Complaint contains brief, "mere conclusions," (*see generally* ECF No. 1), which are insufficient to provide a basis for "independent evidentiary support."  *See Indian Hills*, 337 F.R.D. at 299, 304–05.   Further, the Bemis Declarations merely describe Plaintiff's attempts at service and fail to provide any evidence that establishes jurisdictional facts. (*See generally* ECF Nos. 10, 11.)   Therefore, Plaintiff's affidavits do not strictly comply with the letter and spirit of the law.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## CONCLUSION

2      In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this

3   action pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rules 4.1(b) and

4   83.1(a) and **DENIES AS MOOT** Plaintiff's Motions for Service by Publication (ECF Nos.

5   10, 11).

6      **IT IS SO ORDERED.**

7   Dated:  March 10, 2022

8                                        _____

9                                        Honorable Todd W. Robinson
                                         United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28